1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CASE NO. 12-5728 RJB |
| Plaintiff, | ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY REGARDING DEFENDANT'S FINANCIAL INFORMATION |
| v. | |
| NORTHWEST MOTORSPORT, INC., | |
| Defendant. | |

11

12

13

14

15

16

This matter comes before the Court on the Plaintiff Equal Employment Opportunity

Commission's ("EEOC") Motion to Compel Discovery Regarding Defendant's Financial

Information.  Dkt. 23.  The Court has considered the pleadings filed regarding the motion and the

remaining record.

**I.      FACTS**

This case is brought under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991 to address the allegedly unlawful employment practices of Defendant and to

provide relief to the charging party, Bayani Salcedo, a Filipino male.  Dkt. 1.

1    In the instant motion, the EEOC seeks to compel answers to its Requests for Production

2  Nos. 7 and 8, which were requests for certified financial statements from January 1, 2006 to date,

3  and federal tax returns for 2006 through 2011.  Dkt. 23.  The EEOC references an agreement of

4  the parties regarding this information, but states that Defendant did not respond to its efforts to

5  draft a joint motion to extend the discovery deadline solely to address Defendant's financial

6  information.  *Id.*  The EEOC further moves for an extension of time for the discovery deadline to

7  July 17, 2013.  *Id.*

8    In Defendant's response, it states that it "does not dispute the relevance of certain

9  financial information" and "has not objected to its production."  Dkt. 25, at 4.  It asserts that "the

10 parties conferred and agreed to a narrower scope and alternative timing of the requested

11 information."  *Id.*  It states that it did make available its 2009 and 2010 tax returns.  *Id.*

12 Defendant asserts that, by agreement of the parties, it was to provide more comprehensive

13 financial information after mediation, if necessary.  *Id.*  Defendant acknowledges that due to

14 major upheaval in its counsel's office, it was not able to respond to the EEOC's draft proposal

15 timely.  *Id.*  It briefly references a protective order for "financial information."  *Id.*

16    The EEOC replies, and again points out that the Defendant has not provided full

17 responses to the discovery requests regarding financial information, and that information is

18 relevant to punitive damages.  Dkt. 29.  The EEOC argues that Defendant has not objected to that

19 discovery and has therefore waived any objections it may have.  *Id.*  The EEOC further asserts

20 that if Defendant is making a motion for a protective order, it did not follow the Federal or Local

21 Rules of Civil Procedure and has failed to make the proper showing.  *Id.*

22    On June 14, 2013, the day this motion was noted for consideration, the parties filed a

23 stipulation to renote the motion, which was granted.  Dkts. 27 and 30.  The following Monday,

24

ORDER ON PLAINTIFF'S MOTION TO COMPEL
DISCOVERY REGARDING DEFENDANT'S
FINANCIAL INFORMATION- 2

1   June 17, 2013, parties contacted the Court by telephone and requested that the discovery deadline

2   be extended to June 24, 2013.  It was extended by minute order.  On June 19, 2013, Defendant

3   filed a surreply.  Dkt. 31.  On June 20, 2013, counsel from the EEOC contacted the Court by

4   phone and requested guidance relating to the surreply.  On June 24, 2013, all parties contacted

5   the Court and requested an extension of the discovery deadline for the deposition of Mr. Kenneth

6   Wren to July 24, 2013.

7          This opinion will first address the surreply and the ex parte contact regarding the

8   surreply, then the motion to compel, and lastly, Defendant's motion for a protective order, to the

9   extent one is made.

10                                 **II.    DISCUSSION**

11          **A.  SURREPLY AND EX PARTE CONTACT**

12          Pursuant to Western District of Washington R. Civ. P. 7(g)(2), a surreply shall be

13   "strictly" limited to addressing a request to strike and "extraneous argument or a surreply filed

14   for any other reason will not be considered."

15          Defendant's surreply (Dkt. 31), filed on June 19, 2013, should not be considered.  It was

16   not filed in accordance with Local Rule 7.  It does not address a motion to strike, and is, instead,

17   a recitation of the parties' continued discussion of how to resolve this discovery dispute.

18          The parties should refrain from contacting the Court ex parte.  Any contact with the Court

19   should be done with both parties' involvement or by motion.

20          **B.  MOTION TO COMPEL**

21          Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any

22   nonprivileged matter that is relevant to any party's claim or defense."  Under Fed. R. Civ. P.

23   37(a)(1), "a party may move for an order compelling disclosure or discovery.  The motion must

24

1 | include a certification that the movant has in good faith conferred or attempted to confer with the
2 | person or party failing to make disclosure or discovery in an effort to obtain it without court
3 | action."

4 |   The EEOC's Motion to Compel (Dkt. 23) should be granted.  The EEOC has shown that
5 | the requested discovery is relevant to its claim for punitive damages.  Although Defendant
6 | argues that it produced the tax returns the parties had agreed on and then reached an agreement
7 | about how to handle other financial information, that does not provide a basis for the Court to
8 | deny this motion.  The EEOC is entitled to the requested discovery.  Defendant should be
9 | ordered to turn over such information on or before July 9, 2013.  *Id.*  In an effort to move the
10 | case along, the EEOC's motion to extend the discovery deadline to July 17, 2013 solely
11 | regarding the financial information should be granted.  Further, the parties' stipulated motion to
12 | extend the discovery deadline as to the deposition of Mr. Kenneth Wren to July 24, 2013 should
13 | be granted.  Parties are strongly encouraged to work together to resolve all disputes of this
14 | nature.

15 | **C.  PROTECTIVE ORDER**

16 |   Pursuant to Fed. R. Civ. P 26(c)(1),

17 |   A party or any person from whom discovery is sought may move for a protective
18 | order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken.  The motion must include a certification that the movant has in good faith
19 | conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The court may, for good cause, issue an order to
20 | protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

21 |

22 |   To the extent that Defendant moves for a protective order for "financial information," the
23 | motion should be denied without prejudice.  Defendant has not shown "good cause" or identified
24 | the documents for which it seeks the protective order.  Lastly, the EEOC properly points out that

ORDER ON PLAINTIFF'S MOTION TO COMPEL
DISCOVERY REGARDING DEFENDANT'S
FINANCIAL INFORMATION- 4

1  Defendant did not file the motion in accord with the Local Rule 7.  It did not file it as a separate

2  motion, or note it for consideration.

### III.   ORDER

It is **ORDERED** that:

- Plaintiff Equal Employment Opportunity Commission's Motion to Compel Discovery Regarding Defendant's Financial Information (Dkt. 23) **IS GRANTED**;

- Defendant **SHALL** produce the requested financial information on or before July 9, 2013;

- The discovery deadline, solely regarding the financial information of Defendant, **IS EXTENDED** to July 17, 2013;

- The discovery deadline for the deposition of Mr. Kenneth Wren **IS EXTENDED** to July 24, 2013;

- Defendant's Motion for a Protective Order (Dkt. 25), to the extent one is made, **IS DENIED WITHOUT PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of June, 2013.

ROBERT J. BRYAN
United States District Judge